## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

TERRY SWANIGAN                                                                                    PLAINTIFF
ADC # 101568

V.                                      No. 4:23-CV-683-BRW-JTR

DOC; PROFRIRI, Secretary;
MUSSELWHITE, Warden; and
FITZPATRICK, Lieutenant                                                                      DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Wilson may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Terry Swanigan ("Swanigan") filed a Motion for Temporary Restraining Order and Preliminary Injunction along with a Memorandum of Law in Support. *Docs. 1, 2*. The Clerk of the Court docketed the Memorandum of Law as

the Complaint in this case. *Doc. 1*. Swanigan alleges the violation of his right to freely exercise his religion.

For the reasons set out below, the Court recommends that this case be DISMISSED without prejudice and Swanigan's Motion be DENIED as moot.

## II. Discussion

Swanigan is in custody at the Cummins Unit of the Arkansas Division of Correction. The Clerk of the Court docketed Swanigan's Memorandum of Law as the Complaint in this case. *Doc. 1*. The Memorandum, however, is insufficient to "commence" a lawsuit as that term is used in the Federal Rules of Civil Procedure. According to Rule 3 of the Federal Rules of Civil Procedure, a lawsuit in this Court is commenced only through the filing of a complaint. Fed. R. Civ. P. 3.

In Swanigan's Motion for Temporary Restraining Order and Preliminary Injunction, he writes that he "will bring a civil action but must first exhaust his administrative remedies." *Doc. 2 at 2*. Swanigan correctly understands that he must fully exhaust his administrative remedies before he commences a civil action. 42 U.S.C. § 1997e(a).

Generally, exhaustion is an affirmative defense that must be raised by a defendant. However, a court may raise the issue of exhaustion *sua sponte* when it is clear on the face of the pleadings that a plaintiff failed to exhaust. *See Jones v. Bock,*

2

549 U.S. 199, 214–16 (2007).  Here, Swanigan acknowledges that he is still in the process of exhausting his administrative remedies.

Swanigan explained that "if [he] is not granted [a] temporary restraining order and preliminary injunction," he is "open to continued violations of his constitutional rights."  *Doc. 2 at 2*.  He sought preliminary injunctive relief to protect his rights while he was completing the grievance procedure.  But "[a]bsent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief."  *Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) (collecting cases).  This is logical because a plaintiff requesting preliminary injunctive relief is required to "establish a relationship between the injury claimed in the [plaintiff]'s motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).  Without a complaint, the Court cannot properly address Swanigan's Motion.

### III.  Conclusion

Swanigan did not intend his Memorandum of Law to serve as a Complaint and no Complaint has been filed.  This case has not been "commenced" as that term is used in the Federal Rules of Civil Procedure.  Swanigan realized that he could not bring a civil action until he fully exhausted his administrative remedies.  While Swanigan sought preliminary injunctive relief, the Court cannot grant preliminary injunctive relief before a lawsuit has been commenced.  At this point, before the Court

is only a Motion on which the Court cannot grant relief that is based on unexhausted claims. As such, this case should be dismissed without prejudice.

Swanigan may bring his claims through a properly filed Complaint after he has exhausted his administrative remedies. He may seek injunctive relief at that time.

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED without prejudice.

2. Swanigan's Motion for Order to Show Cause/for Temporary Restraining Order/for Preliminary Injunction (*Doc. 2*) be DENIED as moot.

3. The Court direct the Clerk to send Swanigan a blank 42 U.S.C. § 1983 complaint form.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 15th day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE